UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD DUGAS**  **LA. DOC #314846** VS. | **CIVIL ACTION NO. 6:09-0673** **SECTION P** **JUDGE DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HILL** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

The undersigned issues the instant Supplemental Report and Recommendation to address whether equitable tolling is warranted, given the United States Supreme Court's June 14, 2010 decision in *Holland v. Florida*, 560 U.S. - - , - - S.Ct. - - , 2010 WL 2346549 (2010). All other aspects of the undersigned's prior Report and Recommendation are adopted and reaffirmed without further analysis.

In *Holland*, the Court held that AEDPA's statutory limitations period set forth in § 2244(d) may be equitably tolled in appropriate cases. *Holland,* 2010 WL 2346549 at *9 and 12. However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 12 (internal quotations and citations omitted). The decision as to whether to exercise the "court's equity powers . . . must be made on a case-by-case basis." *Id*.

With respect to the first requirement, the Court held that, for equitable tolling purposes, the petitioner must demonstrate "reasonable diligence." *Id*. at 14. Given

Holland's repeated written inquiries to his attorney regarding his case in which he provided legal guidance, his written correspondence to his attorney, the state courts and their clerks, requesting notice of the status of his state court proceedings, his contact with the Florida State Bar Association in an effort to have his attorney, Collins, removed from his case and his preparation and filing of a *pro se* federal petition the day he discovered that the federal limitation period had run, the court found that Holland had exercised reasonable diligence. *Id*.

With respect to the second requirement, the Court held that an attorney's failure to satisfy professional standards of care may constitute an "extraordinary circumstance" warranting equitable tolling. *Id*. at 12-13. In so holding, the Court rejected the Eleventh Circuit's standard, that attorney misconduct can never warrant tolling absent "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" as too rigid. *Id.* at 12. The Court reaffirmed that "a garden variety claim of attorney negligence" or "excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 13 -14 (internal quotations and citations omitted). Rather, the unprofessional conduct must involve "far more serious instances of attorney misconduct." *Id*. at 13.

The Court did not provide specific guidance on what conduct would constitute a "far more serious instance." However, while declining to determine if Holland's case constituted an "extraordinary instance in which petitioner's attorney's conduct constituted

far more than garden variety or excusable neglect", the Court suggested that the facts of the case may rise to that level because not only did Holland's attorney miscalculate the date on which the limitations period expired, he did so despite being told the applicable legal rules to properly calculate the deadline by Holland, while ignoring Holland's repeated requests to timely file the petition, and Holland's repeated requests for notice of the date his state court proceeding was ultimately denied by the state supreme court so that the petition would not be late, instead, declining to communicate with, or respond to, petitioner's numerous letters over a period of years.[1]

In the prior Report and Recommendation, with respect to equitable tolling, the undersigned concluded that "[t]he circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling.  Moreover, even if they were, the petitioner has not shown that he pursued his rights diligently, or that the alleged extraordinary circumstances prevented him from timely filing his federal *habeas* claims."

More specifically, the undersigned did not accept petitioner's suggestion that Billiot's faulty advice warranted equitable tolling in this case because the United States Supreme Court expressly rejected a similar claim of equitable tolling *Lawrence v.*

---

[1] The Supreme Court noted "Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters." *Id*. at 15.

3

*Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007), and the undersigned failed "to see any significant difference between Lawrence's assertion of attorney error in calculating a filing deadline as the basis for equitable tolling and petitioner's assertion of inmate counsel Billiot's error . . . [because i]n essence, Billiot, like Lawrence's counsel, erred in calculating the federal one year limitation period." It therefore followed "that petitioner's circumstance, like Lawrence's circumstance, is not sufficiently extraordinary to warrant equitable tolling."

That conclusion is not undermined as a result of the Supreme Court's decision in *Holland.* To the contrary, the rationale underlying the prior finding was that Billiot's error constituted no more than a "garden variety" claim of negligence or excusable neglect. Unlike Holland's case, petitioner's case does not involve "far more serious instances of attorney misconduct." To the contrary, nothing in the record before this court suggests that Billiot engaged in any of the egregious conduct cited by the Court in *Holland* as potentially warranting equitable tolling. To the contrary, Billiot simply erred in his interpretation of the law. Under *Holland*, that error, in and of itself, in the absence of additional instances of attorney misconduct or other aggravating circumstances, is insufficient to elevate this case to the level of "exceptional circumstances" so as to warrant equitable tolling.

Furthermore, even if petitioner's circumstance could be considered "exceptional" under *Holland*, as found in the prior Report and Recommendation, petitioner is

4

nevertheless not entitled to equitable tolling because he did not diligently pursue federal *habeas* relief. Nothing in *Holland* undermines that conclusion. To the contrary, *Holland* reaffirms the undersigned's conclusion, as it is clear that, unlike Holland, petitioner did not exercise "reasonable diligence" in pursuit of federal *habeas* relief. In the prior Report and Recommendation, the undersigned found as follows:

> Petitioner waited approximately eight months after completing direct review to file for state post-conviction relief. More importantly, however, while being fully aware of the federal one-year limitation period, no competent evidence in the record suggests that petitioner took any action whatsoever for over one and one-half years to obtain the legal papers, which he claims were necessary for his timely filing of this petition. More specifically, there is no competent evidence that petitioner sought these documents from an alternate source such as the state court, his trial or appellate counsel, the District Attorney or his former inmate counsel Orange, who had previously assisted petitioner and therefore obviously had knowledge of petitioner's criminal case. To the contrary, petitioner sat idle from July, 2007 through late February, 2009. Moreover, it is clear that with the exercise of garden-variety diligence, petitioner could have learned that inmate counsel Orange had all of the papers necessary for the timely filing of this petition the entire time, and thus, petitioner could have, at any time, eradicated the adverse effects of the faulty advice given by Billiot. Indeed, when petitioner finally took action in late February, 2009, and requested assistance from Orange, it took Orange only a few days, until March 4, 2009 (the date the certificate of service was signed), to prepare petitioner's federal petition for filing. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 *citing Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999); *In re Wilson*, 442 F.3d at 875.

Under *Holland*, these facts simply do not support a finding of "reasonable diligence".

For these supplemental reasons, the undersigned again finds that petitioner is not entitled to equitable tolling, and for these reasons and those previously given in the

5

undersigned's prior Report and Recommendation, petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, in Lafayette, Louisiana on June 24, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE